UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1721 TCM |
| | ) | |
| LARRY DENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on James Hamilton's application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Also before the Court is petitioner's motion for leave to proceed in forma pauperis. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. As such, petitioner's motion to proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915. Having reviewed the record in this action, the Court finds that the petition is time-barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). However, the Court will allow petitioner thirty (30) days to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

## Background

On July 9, 1997, petitioner was found guilty of felony possession of a controlled substance (Count I) and misdemeanor possession of less than 35 grams of marijuana (Count II). *See State v. Hamilton*, No. 22961-03006-01 (Twenty-Second Judicial District, St. Louis City). On September 4, 1997, petitioner was sentenced to a four-year term of imprisonment on Count I, in addition to a one-year term of imprisonment on Count II. Petitioner was given a Suspended Execution of Sentence ("SES") and placed on Probation for two years, given shock incarceration, which began on September 4, 1997, and two years Supervised Release, which was completed on September 4, 1999. Petitioner did not appeal his sentence, and he failed to file a timely motion pursuant to Mo. R. Crim. P. 29.15. Petitioner, currently incarcerated at Crossroads Correctional Center, filed the instant petition on September 24, 2012.

## Discussion

AEDPA provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner, with the limitations period beginning on the latest of four dates, including the date relevant here: the date on which the state conviction which the petitioner challenges "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

§ 2244 (d)(1)(A).¹ *See* Missouri Supreme Court Rule 44.01(a) on time computation.

In Missouri, a judgment in a criminal case becomes final when sentence is entered. *State v. Arnold*, 230 S.W.3d 353, 354 (Mo. Ct. App. 2007).² A party has ten days after the final judgment to file an appeal. *Id.*; Mo. Sup. Ct. R. 30.01(d). Here, because petitioner did not file a direct appeal, the one-year period for filing a federal habeas petition began to run on or about September 14, 1997, which was ten days after his sentence was entered.

In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court held that equitable tolling of the AEDPA statute of limitations is available to a petitioner who shows "'(1) that he has been pursuing his rights diligently, and (2) that some

---

¹ The other three dates, none of which apply here, are:
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

²Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., State v. Nelson*, 9 S .W.3d 687, 688 (Mo. Ct. App. 1999).

extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In determining whether equitable tolling is warranted in a particular case, courts should "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances . . .could warrant special treatment in an appropriate case." *Id.* at 2563.

Here, petitioner has not asked for equitable tolling, nor does the Court discern a basis for application of the doctrine. *See, e.g., Rues v. Denney,* 643 F.3d 618, 622 (8th Cir. 2011) (holding that counsel's miscalculation of habeas filing deadline is a "garden variety claim" of neglect and does not warrant equitable tolling); *Heath v. Ault*, 334 F. App'x 34, 34 (8th Cir. 2009) (rejecting pro se petitioner's argument that he was entitled to equitable tolling because he was unaware of the applicable deadlines); *cf. Shelton v. Purkett*, 563 F.3d 404, 407 (8th Cir. 2009) (holding that a change in an applicable circuit precedent would constitute an "extraordinary circumstance" that would serve to equitably toll AEDPA's statute of limitations, if a petitioner had otherwise been diligently pursuing his rights).

In sum, petitioner's application for writ of habeas corpus appears to be untimely, and petitioner will be required to show cause why his petition should not be dismissed as time-barred pursuant to § 2244(d).[3]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing, within thirty (30) days of the date of this Memorandum and Order, why his application for writ of habeas corpus should not be dismissed as time-barred. Petitioner's failure to do so will result in a dismissal of this action.

Dated this 20th day of December, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3]Petitioner has sent the Court two letters asserting that he is currently in "imminent danger," and seeking an intervention by this Court into the conditions of his current incarceration. In his correspondence, petitioner references a civil rights action he currently has on file in the Western District of Missouri. Petitioner is currently incarcerated at Crossroads Correctional Center which is located within the jurisdiction of the United States District Court for the Western District of Missouri. His claims regarding his conditions of confinement are not cognizable in the habeas case he currently has before this Court. Rather, he needs to bring those claims to the Western District within the context of a civil rights action brought pursuant to 42 U.S.C. § 1983. Thus, the Court cannot intervene on his behalf on claims relating to his current incarceration.