UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1721 TCM |
| | ) | |
| LARRY DENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's response to the Order to Show Cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

**Background**

On July 9, 1997, petitioner was found guilty of felony possession of a controlled substance (Count I) and misdemeanor possession of less than 35 grams of marijuana (Count II). *See State v. Hamilton*, No. 22961-03006-01 (Twenty-Second Judicial District, St. Louis City). On September 4, 1997, petitioner was

---

[1]On December 20, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

sentenced to a four-year term of imprisonment on Count I, in addition to a one-year term of imprisonment on Count II. Petitioner was given a Suspended Execution of Sentence ("SES") and placed on Probation for two years, given shock incarceration, which began on September 4, 1997, and two years Supervised Release, which was completed on September 4, 1999. Petitioner did not appeal his sentence, and he failed to file a timely motion pursuant to Mo. R. Crim. P. 29.15. Petitioner, currently incarcerated at Crossroads Correctional Center, filed the instant petition on September 24, 2012.

## Discussion

AEDPA provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner, with the limitations period beginning on the latest of four dates, including the date relevant here: the date on which the state conviction which the petitioner challenges "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). *See* Missouri Supreme Court Rule 44.01(a) on time computation.

In Missouri, a judgment in a criminal case becomes final when sentence is entered. *State v. Arnold*, 230 S.W.3d 353, 354 (Mo. Ct. App. 2007).[2] A party has ten days after the final judgment to file an appeal. *Id.*; Mo. Sup. Ct. R. 30.01(d). Here, because petitioner did not file a direct appeal, the one-year period for filing a federal habeas petition began to run on or about September 14, 1997, which was ten days after his sentence was entered.  Thus, petitioner's statute of limitations expired more than fourteen years ago, and this action must be dismissed as time-barred.

Despite the aforementioned, petitioner argues that the Court should allow him to proceed with this action under the doctrine of equitable tolling. In *Holland v. Florida*, 130 S. Ct. 2549 (2010), the Supreme Court held that equitable tolling of the AEDPA statute of limitations is available to a petitioner who shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In determining whether equitable tolling is warranted in a particular case, courts should "exercise judgment in light

---

[2]Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended.  *E.g., State v. Nelson*, 9 S .W.3d 687, 688 (Mo. Ct. App. 1999).

of prior precedent, but with awareness of the fact that specific circumstances . . .could warrant special treatment in an appropriate case." *Id.* at 2563.

Upon review of petitioner's response to the Show Cause Order, the Court is unable to discern a basis for application of the equitable tolling doctrine. Petitioner's arguments go toward the merits of his habeas corpus action, rather than the circumstances that purportedly prevented him from timely filing his habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.  28 U.S.C. § 2253.

Dated this 16th day of January, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE